### COLGROVE *vs.* ROCKWELL.

The Court has no power, either at common law, or by statute, to interfere with the doings of auditors, in actions of book-debt, on the ground that they have mistaken the evidence.

THIS was an action of book-debt, in common form, brought by Rockwell against Colgrove.

The cause was referred to an auditor, who, at the October term of the superior court for Hartford county, reported that he "found that the said Colgrove is justly indebted to the said Rockwell, upon the cause of action, set up in the plaintiff's declaration, in the sum of twenty-five dollars and seventy-six cents."

Against the acceptance of this report, the defendant remonstrated, alleging as ground of remonstrance, that "said report was made under mistake, and misapprehension of the evidence in said cause, and against the evidence, which was produced in the same, and that the finding of said auditor was not in accordance with any evidence introduced." The remonstrance then proceeded to set forth the evidence produced on the hearing before the auditor, and concluded by alleging that the said report and finding of the auditor were "without evidence, and contrary to the evidence, and ought to be set aside."

On the hearing before the superior court, the defendant offered to show, by witnesses, what the evidence before the auditor was. The court decided that the evidence was not admissible, and no other proof being offered, accepted the report, and rendered judgment thereon.

The defendant, by motion in error, then brought the record before this court, for revision.

*Welles* and *Strong* in support of the motion.

*Barbour* against the motion.

STORRS, J.   The only ground stated in the remonstrance in this case, for setting aside the report of the auditor, is, that he was mistaken, as to the weight of the evidence, in regard to the enquiry whether the beef, in question on the trial, was unsound when the plaintiff sold it to the defendant; and the question presented is, whether the doings of auditors can be revised on that ground.   We regard this as a question that has been long since decisively settled.   As early as 1787 the point was directly determined in *Parker* v. *Avery*, Kirby, 353, where, on a remonstrance to a report of auditors, on the ground that they had mistaken the evidence, and decided erroneously as to the facts in question before them, it was held that their report could not be impeached for that reason, and that therefore such an enquiry should not be allowed. This decision has ever since remained unquestioned, without an attempt to have it disturbed, either by our courts, or the legislature.   We therefore do not regard this as an open question.   If, however, it were, we should have no doubt that it was not the intention of the legislature, in providing for the appointment of auditors, that their finding of facts should be the subject of review.   They were designed as substitutes for juries; but it was provided that they should be selected, not like jurors, but by the court, by whom it was undoubtedly contemplated that they would be chosen, as they in fact usually are, with reference, not only to their peculiar qualifications to try the particular cases referred to them, but also to their situation in regard to any circumstances, which might produce an improper influence, or bias, in their minds, as to the parties, or the matter submitted to them, and which, although it might not constitute a legal ground of challenge to a juror, might yet inspire a want of that entire confidence in them, which it is desirable that parties should feel in triers.   Thus selected, there is certainly less occasion to subject their determination of facts to the revision of the court, than that of jurors; and experience has not shown its necessity.   The defendant has attempted to

derive an argument in favor of the power and expediency of revising reports of auditors, on the ground of their having mistaken the evidence, from a supposed analogy to those cases where the court set aside verdicts on that ground. This argument, however, is not well founded. The reason, on which the exercise of the power of revising verdicts for that cause rests, is not only inapplicable to reports of auditors, but goes strongly to show that there is no such power in regard to them. A reference to the case of *Bartholomew* v. *Clark*, 1 Conn R., 480, in which it was first solemnly decided that the superior court had power to grant a new trial where a verdict is against evidence, shows that the ground of the decision was, that such a power is incidental to all courts, proceeding on the principles of the common law, and that courts in this state, acting on those principles, have, therefore, that power, in the absence of any statutory enactment depriving them of it. The power is possessed by such a court, from its very constitution, and this court treated it as a common law power, which was unrestrained by any positive prohibition. Such a prohibition was deemed necessary in order to devest it. The mode of trial, by auditors, in actions of book-debt, is not, however, a proceeding according to the course of the common law, but is created solely by statute, without which legislative provision it could not be adopted ; and as, in the absence of any law providing for such a mode of trial, it could not be legally adopted, so, where it is prescribed, and there is an absence of any provision authorizing the court to interfere with the doings of auditors, on the ground that they have mistaken the evidence, there is no power thus to interfere. The statute, in regard to trials by auditors, contains no such provision. The court, therefore, have no such power, either by common law, or by statute.

The defendant's counsel have endeavored to place this case on the ground that the auditor mistook the law, as applicable to the facts proved before him, and made such

inferences from them as the law does not warrant. The record, however, presents no such enquiry. The auditor, in his report, finds no facts specially, but only generally that the defendant is justly indebted to the plaintiff, in a particular form, on the cause of action declared on. The defendant, in his remonstrance, without stating on what ground the auditor came to the conclusion that the defendant was so indebted, only alleges that the report was made under a mistake and misapprehension of the evidence, and is not in accordance with, but against it; and the evidence offered by the defendant, on the trial of the remonstrance, consisted of the evidence before the auditor, and was introduced only for the purpose of showing that his finding was contrary to it. The only question on the remonstrance, therefore, obviously was, whether the auditor was mistaken as to the weight of the evidence before him. The superior court correctly excluded the evidence so offered, and there should not be a new trial.

In this opinion, the other judges, ELLSWORTH and HINMAN, concurred.

New trial not granted,