JOSEPH W. SHEPPARD *vs.* THE ATWATER MANUFACTURING COMPANY.

Where a cause has been referred to a committee to find the facts, and the report of the committee has been made, the court has no power to recommit the report on the ground that the finding is against the evidence.

ASSUMPSIT on a contract of hiring; brought to the Superior Court in Hartford County. The case was referred to a committee to find the facts, who reported in favor of the plaintiff. The defendants remonstrated, and the court overruled the remonstrance and rendered judgment for the plaintiff, for the amount found due him by the committee. At a later day in the same term at which the judgment was rendered the defendants filed a written motion that the case be recommitted to the committee on the ground that his finding upon a certain question of fact was against the evidence in the case, and that a mistake had been made by him to the injury of the defendants. On the trial of this motion the court found the following facts:

The plaintiff entered into the defendants' employment as salesman in January, 1872. He was dismissed June 19th, 1872. The main questions on the hearing before the committee were, whether the plaintiff was hired by the defendants for six or twelve months, (the plaintiff claiming twelve, the defendants six months,) and whether the plaintiff was wrongfully dismissed by the defendants. The plaintiff testified that he was employed at a meeting of the directors of the defendant corporation, in January, 1872, and that a vote was then passed by the directors stating the term of his employment to be for twelve months.

The records of the corporation being produced showed a vote of employment for twelve months. The record so stood during the whole term of the plaintiff's service. In August, 1872, and after the plaintiff had been dismissed and had made a claim on the defendants for a breach of contract in not employing him for twelve months, the secretary of the

defendant corporation changed the record by erasing the figures "12" before the word "months," and substituting "6."

Several of the directors, who were present at the meeting, testified that the vote, as actually passed, was for six months and not for twelve.

Upon this and other testimony on the one side and the other, the committee took the case into consideration, and determined, as a conclusion of fact, upon his then views of the testimony, that the plaintiff was hired for the period of twelve months, and also found that the plaintiff had been dismissed without cause. The committee assessed the damages accordingly, and made and returned his report, as on file.

After the report was made and filed in court the committee was accosted by one of the directors of the defendant corporation, who was also one of the defendants' witnesses on the trial before the committee, and a conversation ensued between the committee and the witness in regard to the committee's finding that the plaintiff was not rightfully dismissed by the defendants. In consequence of this conversation the committee was induced to reconsider the evidence given in the case, and upon such reconsideration came to the conclusion that he had, in his finding, mistaken the weight of the testimony so far as the same related to the term of hiring, by reason of having, upon grounds of public policy, attached an undue and mistaken importance, as evidence in the case, to the original entry upon the records as to the vote of employment, and that, if he were to rejudge the case, he should be obliged to find that the hiring was for six months only, and to re-assess the damages accordingly.

Upon the foregoing facts the defendants insisted that the court had power and ought to recommit the case to the committee. The plaintiff denied the power of the court to recommit for such a cause, and insisted that he was entitled to hold the judgment already rendered in the case, and to have execution issue thereon.

The court, being of opinion that the case ought to be recommitted if the court had power to do so, reserved the

question of its power on the above facts for the advice of this court.

*G. H. Watrous* and *W. S. Merrell,* in support of the motion to recommit.

The question here is not whether the Superior Court ought to have set aside the report. The court has found that it ought to be done if the court has the power. *Parker* v. *Avery,* Kirby, 353; *Howard* v. *Lyon,* 1 Root, 268; *Spalding* v. *Dunlap,* id., 413; *Spencer* v. *Usher,* 2 Day, 120. But it is solely whether the court has the power to send this erroneous report back to the place it came from to be corrected, at the same term of the court at which its acceptance is asked. And this question, both on principle and authority, must be answered in the affirmative. A committee is *pro hâc vice* the court; or, as this court said in *Ashmead* v. *Colby,* 26 Conn., 312, is "a mere arm of the court." If a court makes a mistake, may it not correct that mistake at the term at which it is made? This will not be disputed. But if it may correct a mistake made by itself, may it not correct one made by its "mere arm," or direct that "arm" to do so? What legal principle or rule of policy is violated by it? It is absurd to say there is any principle or policy requiring mistakes to go uncorrected or injustice to succeed. As matter of practice, reports are frequently recommitted. Every lawyer knows this in his own practice, and if the courts of last resort have seldom recognized this practice, it is solely because these questions seldom get beyond the inferior courts, and lawyers seldom undertake to overturn a practice so hoary with age, so honorable with use, and so beneficent in results. *Callender* v. *Colgrove,* 17 Conn., 2, 16, 34; *Webber* v. *Orne,* 15 Gray, 351; *Conrad* v. *Massasoit Ins. Co.,* 4 Allen, 20; *Jones* v. *Stevens,* 5 Met., 373; *Shearman* v. *Akins,* 4 Pick., 283; *Lazarus* v. *Commonwealth Ins. Co.,* 19 id., 81. If an auditor or a committee may open a case after he has made his report on his own motion, why not under an order of the court he is acting for? *Welles* v. *Harris,* 31 Conn., 365, 369; *Pond* v. *Town of Milford,* 35 id., 32, 36.

*R. D. Hubbard*, contra, cited *Bradley* v. *Bassett*, 13 Conn., 563; *Knapp* v. *White*, 23 id., 541; *Colgrove* v. *Rockwell*, 24 id., 584; *Ashmead* v. *Colby*, 26 id., 312; *Welles* v. *Harris*, 31 id., 368; *Conklin* v. *Morton*, 40 Ind., 76; *Voorhis* v. *Voorhis*, 50 Barb., 119; *Pratt* v. *Stiles*, 17 How. Pr. R., 222; *Ayrault* v. *Sackett*, id., 507.

PARK, C. J. It appears in this case that the court below overruled the remonstrance filed by the defendants to the acceptance of the report of the committee, accepted the report, and rendered judgment in favor of the plaintiff. After this had been done, the defendants filed their motion to recommit the case to the committee. The court, being in doubt whether it had power so to do, reserved the question for the advice of this court, but omitted to set aside the judgment which had been rendered in the case, and the acceptance of the report of the committee, and afterwards, while the record was in this condition, adjourned the term of the court *sine die*.

We think it is clear that the Superior Court now has no power to recommit the report. The court has control over its own orders, decrees and judgments made or rendered during a term, and while the term continues may revoke or annul them as occasion may require. But the court has no such control over judgments rendered at a previous term. How then can the report in this case be recommitted? If the court had set aside the judgment and the acceptance of the report, and continued the case to another term, so that the report now stood before the court unaccepted, then the question would be, whether the court has power to recommit the report for the cause claimed, which is substantially that the facts found by the committee in regard to the contract which was made between the parties, are against the weight of evidence presented before the committee.

It seems that the court reviewed the evidence before the committee and heard other evidence upon the subject, and became satisfied that the report was against the evidence in the case, and ought for that reason to be recommitted. The

fact that the committee stated before the court that in his opinion he had mistaken the weight of the evidence, was of no importance except as evidence upon the subject. The court might have been of a different opinion from that of the committee, in which case it would have found that the report ought not to be recommitted. It is obvious that a motion of this kind necessarily involves a review by the court of all the evidence before the committee, for in no other way can it determine whether or not the report ought, for such cause, to be recommitted. And it is equally obvious that if this case can for this cause be sent back to the committee who has once heard it, it could be referred to another committee for another finding of facts, or the court could set aside the report on the ground that it was against the evidence in the case, and proceed to try the cause *de novo.* It will hardly be claimed that this could be done, in view of the repeated decisions of this court. *Bradley* v. *Bassett,* 13 Conn., 563; *Colegrove* v. *Rockwell,* 24 Conn., 584; *Ashmead* v. *Colby,* 26 Conn., 312; *Knapp* v. *White,* 23 Conn., 541.

But does this motion rest, in reality, upon anything else than the naked claim that the finding is against the weight of the evidence before the committee? All questions of law involved in the trial were determined on the remonstrance. There is no claim of any clerical error in the report, or any error in computation, or that the result in the finding does not accord with the principles adopted by the committee. All that can be said is, that the committee in coming to a conclusion that the plaintiff was engaged for a period of twelve months, as he claimed, instead of six months, as the defendants claimed, gave more weight to certain evidence on the question in favor of the plaintiff, than he afterwards, upon a review of the evidence, thought it entitled to. He saw the case upon the trial in a different light from what he afterwards saw it, upon a pure, naked question of fact. Which opinion was nearer to being correct? It does not necessarily follow that the last one was. Oftentimes the same evidence will strike different minds differently, and the same mind differently at different times. It is not surprising,

therefore, in a closely-balanced case, as doubtless this was in regard to the length of time for which the plaintiff had been engaged by the defendants, that the committee should change his opinion in regard to it. Lord Eldon said in *Ex parte Wylie*, " I must, when I decided that case, have seen it in a point of view in which, after the most laborious consideration, I cannot see it now." That case, and perhaps the present one, only furnish additional evidence that human judgment is never infallible.

We advise the Superior Court that it has no power to recommit the report of the committee.

In this opinion the other judges concurred; except CAR-PENTER, J., who did not sit.